By the Court.
While the question of a change of venue in a criminal case is within the sound discretion of the trial court, yet it is a substantial right of the defendant to be tried by a fair and impartial jury. Section 13636, General Code, was enacted by the general assembly of Ohio for the purpose of protecting that right. It is specifically provided in Section 11416, General Code, that when a corporation having more than fifty stockholders is a party to a civil action pending in the county in which the corporation keeps its principal office, or transacts *170 its principal business, a change of venue must be ordered if the opposite party makes affidavit that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the affidavits of five credible persons residing in such county. This statute is applicable only to civil cases, but it clearly defines the policy of the state in protecting the right of litigants to a fair and impartial jury. ' It recognizes the fact that, in the social and business relations of men, any transaction that particularly and financially affects fifty citizens of a county is apt to have such far-reaching influence upon their friends and neighbors that there would be grave danger that a jury impaneled in that county would not be entirely fair and impartial, notwithstanding that examination upon voir dire would disclose no legal grounds for challenge.
The particular crime charged in this indictment is not an offense against the person but against property, and therefore comes within the reason of the rule in civil suits.
This defendant is charged by indictment with embezzlement of funds in which two hundred and fifty-seven stockholders residing in the city of Columbus and over five thousand depositors residing in the county are financially interested. It was a matter of concern to all those depositors that the funds of this insolvent bank should be honestly and economically administered. The accused stood in the relation of a trustee to all these interested depositors, who, through no fault of their own, except misplaced confidence in the solvency of this bank, were almost certain to lose a large amount of *171 money in any event, and therefore the charge against this defendant that he had increased their probable losses, by the embezzlement of funds that were still available to the creditors, would naturally excite anger and animosity against him. If in a civil suit the court is required to grant a change of venue when only fifty stockholders of a corporation, a party to the suit, reside within the county, it would seem that in a criminal case, where it is made to appear by evidence offered that over five thousand people residing within the county are financially interested in the funds charged to have been embezzled by the accused, a motion by the defendant for a change of venue should be allowed. Certainly it is not the policy of our law to be more zealous in the protection of the property rights of its citizens than in the protection of their liberties.
While evidence of other offenses is competent for the purpose of showing intent when criminal intent is a specific element of the crime charged, yet this evidence is of a highly dangerous character and should be admitted with great caution. A jury is never authorized to consider this evidence for any purpose whatever until after it has found, from the other evidence in the case, that the defendant has committed the acts charged in the indictment. Evidence of other offenses may then be considered by the jury for the sole purpose of determining'the intent of the accused at the time of the commission of the acts charged, and it is the duty of the trial court to so charge the jury at the time such evidence is admitted. In this case when counsel for the state offered evidence of other offenses of a *172 similar nature counsel for the defendant correctly stated in open court and in the presence of the jury the purpose for which such evidence might be received, and it is, therefore, claimed that this relieved the court from the duty of charging the jury in that regard, but it must be remembered that the jury take the law as given them by the court, and not by counsel, and this statement of counsel on that behalf cannot be regarded further than as a request to the court to so charge.
Evidence of a vague and uncertain character offered for the purpose of proving that the defendant had been guilty of similar offenses should never be admitted under any pretense whatever. True, it is not always possible to show an entire transaction by one witness, and, therefore, if the state offers evidence which may become important in connection with other evidence proposed to be offered later in the case, it should be admitted, but if the state fails to introduce such further evidence which, if uncontradicted, would authorize the jury to find the defendant guilty of the other offenses sought to be proven, then there is an absolute failure on the part of the state to make a prima facie case of guilt of the defendant of these-other offenses, and it becomes the peremptory duty of the trial court to strike such evidence from the record and to instruct the ‘jury that they are not to consider it for any purpose whatever.
In this particular case the state sought to prove that this defendant had been guilty of a similar offense in Cincinnati, Ohio, and a similar offense in Kenton, Ohio. The evidence offered on behalf *173 of the state in respect to these two other offenses was absolutely and wholly insufficient to make anything like a prima facie case against the defendant as to these transactions. If the accused had then been upon trial for either of these offenses, it would have been the duty of the trial court to instruct the jury to return a verdict of “not guilty.” The whole scope and extent of the evidence offered tended to prove no more than a suspicion of guilt. If either of these offenses had in fact been committed, the evidence did not connect this defendant with them further than to show that he had the opportunity to be guilty, but it also appeared that at least a half-dozen other persons in each of these transactions had equal opportunity with the defendant to appropriate the funds claimed to have been embezzled.
The court of appeals of Franklin county, which is the court of last resort on disputed questions of fact, found that the testimony admitted in regard to these other offenses was of such a circumstantial character that it did not afford even probable cause that the defendant was guilty, but refused to reverse for this reason upon the theory that this evidence before an intelligent jury would not have any weight.
Evidence that an accused was guilty of other similar offenses must be such that a jury would be authorized to find him guilty of these offenses. The trial court erred in receiving this evidence, erred in failing to instruct the jury at the time it was received as to the purpose for which it was competent, and erred in not striking all of this evidence relating to these other transactions from the record *174 and instructing the jury to disregard the same. The trial court did charge the jury in its general charge that it must -find from the evidence offered that the defendant was guilty of these other offenses, beyond a reasonable doubt, before it would be authorized to consider that evidence for any purpose. But this charge, while perfectly proper in a proper case, could not be otherwise than prejudicial to the accused in this particular case, because the jury would necessarily infer therefrom that there was substantial evidence of the guilt of the accused of these other offenses that it was authorized to consider when in truth and in fact there was no such evidence.
Evidence that a brother of the accused had embezzled funds of the same bank or had been indicted for embezzlement of such funds was incompetent in any view of the case. Counsel for the state had a right to show that this accused was in possession of large sums of money immediately following the time of the alleged embezzlement, and thereby put upon the defendant the burden of explaining the source from which he received this monty, but counsel had no right to s'o shape their inquiries in reference to the possession of this money by the accused, or in reference to the possession by him of a five-thousand-dollar certificate of deposit, as to indicate by the question that the brother had been charged with embezzlement and that this five-thousand-dollar certificate of deposit was given or loaned to the brother for the purpose of enabling him to return moneys embezzled by him. Nor had Counsel for the state the right to inquire of the *175 accused upon cross-examination whether he knew of this transaction of his brother at the time it was committed, or whether he had discussed the same with him then or later. Regardless of the answers given by the accused to these questions, the inquiries themselves were wholly improper and grievously prejudicial to the accused.
In reference to the objection made as to misconduct of counsel for the state, it is apparent from this record that not only counsel for the state but counsel for the accused were permitted larger liberties during the progress of this case than is consistent with a fair and impartial trial. The altercations between counsel, side remarks by counsel loud enough to be heard by the jury, comments by counsel during the trial upon evidence offered or answers made by witnesses, are all equally out of place in a court of justice and should not be tolerated by the trial judge.
It appearing from the record of this case that error has intervened to the prejudice of the plaintiff in error, the judgment of the court of appeals affirming the judgment of the common pleas court and the judgment of the common pleas court are both reversed, and this cause is remanded to the common pleas court for further proceedings according to law.

Judgment of the court of appeals and judgment of the common pleas court reversed.

Nichols, C. J., Shauck, Johnson, Donahue and Newman, JJ., concur.
Wilkin, J., not participating.